█ FRONTIER EXCAVATING, INC., Respondent, v. SOVEREIGN CONSTRUCTION Co., LTD., Appellant, et al., Defendant.— Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: This action was commenced by a summons dated December 14, 1964. Plaintiff alleges that the action is "brought pursuant to Article 3-A of the Lien Law" and is "in behalf of itself and in behalf of all other persons entitled to share". A partial trial on October 10 and 14, 1969 resulted in a "judgment" in which the court "finds at this time contingent claims of the Plaintiff for extras which constitute the assets of the trust" in the sum of $12,151. The "judgment" further recited in part that the defendants "are ordered to act as trustee * * * that Defendants shall forthwith account to the Plaintiff — [and] that the trial of this action shall be adjourned until February 9, 1970". Apparently nothing further was done by the parties until November 7, 1973 when the order which is the subject of this appeal was made. We heartily concur in Special Term's statement in the order "that this matter can no longer be served by a further delay". The order referred "this action * * * to the Calendar Part of this Court for assignment to a Trial Part" and restrained defendant Lackawanna Municipal Housing Authority (not a party to this appeal) "from disbursement of such sums to defendant herein pending the determination of plaintiff's claims". The restraining provision enjoined payment of $215,000 to defendant-appellant pending the determination of the amount, if any, of plaintiff-respondent's claims which were characterized in the "judgment" granted November 24, 1969 as "contingent". Neither the "judgment" nor the order appealed from made any provision for the posting of a bond as a condition of the restraining or injunctive provision. Apparently no consideration was given to the provisions of CPLR 6301 and 6312. The granting of a preliminary injunction without requiring the posting of a bond would appear improper (*Diamond* v. *City of Kingston*, 32 A D 2d 587; *Rockland County Bldrs. Assn.* v. *McAlevey*, 29 A D 2d 975). It is indeed difficult for us to understand why this action has not been resolved during the 10 years of its pendency. The record literally shouts of procrastination by both parties to this appeal. Notwithstanding the allegation in the complaint that plaintiff has no adequate remedy at law, this action is in fact a simple suit for work, labor and materials and should have been disposed of several years ago. Concerned as we are for the great and inordinate delay in the prosecution of this action, we have made inquiry of the calendar status of this action. We are informed by the Calendar Clerk of Erie County Supreme Court that more than a month ago this action was on the Assignment Calendar and would be reached for trial within a matter of days. Shortly after receiving this information we were advised that once again the case was taken off the Assignment Calendar and placed on the calendar to be called on June 11, 1974, at which time it would be set down for a trial date. This continued delay is consistent with the pattern of procrastination which has been the hallmark of this case for 10 years. We cannot overemphasize our direction that this action

be disposed of in the immediate future and that no further postponement should be granted except for the most extraordinary reason. The order should be modified by striking from it the restraining paragraph which is designated (2) and this action should immediately be set down for completion of the "trial" which was begun before Nevins, J. in October of 1969. (Appeal from order of Erie Special Term in action on claims for trust funds.) Present — Marsh, P. J., Witmer, Simons, Goldman and Del Vecchio, JJ.